UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| JAMES L. REYNOLDS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:19 CV 8 |
| SUBARU OF INDIANA AUTOMOTIVE, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

This matter is before the court on defendant Cintemp, Inc., doing business as CTI Personnel's ("CTI"), motion to dismiss. (DE # 23.) For the reasons that follow, CTI's motion will be granted in part and denied in part.

## I. BACKGROUND

Plaintiff James Reynolds, proceeding *pro se*, alleges that defendants discriminated against him on the basis of his race, gender, and disability. (DE # 4.) CTI now moves to dismiss Reynolds' amended complaint. (DE # 23.) CTI argues that: (1) Reynolds' amended complaint fails to state a claim for age discrimination; (2) his claims are untimely; and (3) he failed to exhaust his administrative remedies with respect to his gender and age discrimination claims. This matter is fully briefed and is ripe for ruling.

## II. LEGAL STANDARD

Defendant has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the

complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. DISCUSSION

### A. *Failure to State a Claim*

CTI argues that Reynolds' amended complaint fails to state a claim for age discrimination. (DE # 24 at 5.) Neither Reynolds' amended complaint, nor his response to the motion to dismiss, alleges that he was discriminated against on the basis of his age. Furthermore, there are no facts in the amended complaint from which this court could plausibly infer that Reynolds has stated an age discrimination claim. While Reynolds' original complaint check-marked the box indicating he was pursuing a claim for age discrimination (DE # 1 at 1), he has since filed an amended complaint. "Once an amended pleading is filed, it supersedes the prior pleading." *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). "'The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading and becomes *functus officio*.'" *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002) (quoting *Nisbet v. Van Tuyl*, 224 F.2d 66, 71 (7th Cir.1955)).

The threshold to state a Title VII claim is low; a plaintiff need only identify the type of discrimination that occurred, by whom, and when. *Swanson*, 614 F.3d at 405. Reynolds has not met that low threshold with respect to any age discrimination claim. Because Reynolds' amended complaint fails to state an age discrimination claim, this portion of CTI's motion to dismiss will be granted.

### B. *Timeliness*

CTI next argues that Reynolds' claim is time-barred and should be dismissed.

3

Under Title VII and the Americans with Disabilities Act ("ADA"), a plaintiff must file suit within 90 days of being notified of his right to sue by the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII); *King v. Ford Motor Co.*, 872 F.3d 833, 839 (7th Cir. 2017); 42 U.S.C. § 12117(a) (ADA); *Houston v. Sidley & Austin*, 185 F.3d 837, 838 (7th Cir. 1999). Claims not filed within this 90-day window are time-barred. *King,* 872 F.3d at 839; *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). The limitations period begins to run "when the claimant *receives* the letter, not when it was sent[.]" *Prince v. Stewart*, 580 F.3d 571, 574 (7th Cir. 2009) (emphasis in original); *see also DeTata v. Rollprint Packaging Prod. Inc.*, 632 F.3d 962, 967 (7th Cir. 2011).

An argument that a claim is untimely is an affirmative defense. *Collins v. Village of Palatine, Ill.*, 875 F.3d 839, 842 (7th Cir. 2017). "Complaints need not anticipate defenses and attempt to defeat them." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). For dismissal based on an affirmative defense at the pleading stage, it is incumbent on the defendant to show that it has "an airtight defense" on the face of the complaint. *See id.* A complaint may be dismissed for failure to state a claim if the claim is "indisputably time-barred." *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016).

CTI has not established that Reynolds' complaint is indisputably time-barred. As a preliminary matter, CTI attached the EEOC's right-to-sue letter as an exhibit to its motion. (DE # 24-1.) The right-to-sue letter is a document outside the pleadings. Documents attached to a motion to dismiss are considered part of the pleadings if they

are referred to in the plaintiff's complaint and are central to his claims. *See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018); Fed. R. Civ. P. 10(c). The right-to-sue letter in this case fits neither description. While this court could consider the letter, and convert defendant's motion to a motion for summary judgment, *see* Fed. R. Civ. P. 12(d), the court declines to do so.

Consideration of the right-to-sue letter would make no difference in the outcome of CTI's motion. The letter merely indicates when it was sent; however, the relevant information is when Reynolds received the letter. Reynolds does not state, in either his amended complaint or his response brief, when he received the right-to-sue letter. Thus, Reynolds has not pleaded himself out of court with respect to the statute of limitations. *See Fuentes v. Studio Movie Grill*, No. 18-CV-3706, 2019 WL 1897066, at *3–4 (N.D. Ill. Apr. 29, 2019).

CTI argues that there "is a reasonable inference" that Reynolds received the right-to-sue letter shortly after it was sent. (DE # 24 at 3.) Yet, it is CTI's burden to establish that Reynolds' complaint is "indisputably time-barred." And, as CTI readily admits in its brief, on a motion to dismiss this court must draw all reasonable inferences in Reynolds' favor. *See also Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018). If CTI has, or later discovers, evidence that Reynolds received the right-to-sue letter more than 90 days before this case was filed, it is free to present that evidence and re-raise this issue.

C. *Exhaustion*

CTI's final argument is that Reynolds' claim for gender discrimination is beyond the scope of his EEOC complaint, and should be dismissed for failure to exhaust. In general, a plaintiff can only bring claims under Title VII that he has included in the charge he filed with the EEOC. *Cervantes v. Ardagh Grp.*, 914 F.3d 560, 564 (7th Cir. 2019). "This limitation serves two purposes. It affords the employer some notice of the conduct underlying the employee's allegation. It also affords the agency and the employer an opportunity to attempt conciliation without resort to the courts." *Id.* (internal citation and quotation marks omitted).

"'A plaintiff may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the earlier charges contained in the EEOC complaint.'" *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005) (quoting *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir.1996)). To determine whether a federal claim falls within the scope of the EEOC charge, courts must determine "whether the allegations are like or reasonably related to those contained in the EEOC complaint. If they are, then we ask whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Id.* "Claims are reasonably related if there is a factual relationship between them. At a minimum, this means that the EEOC charge and the complaint must describe the same conduct and implicate the same individuals." *Id.* (internal citation omitted). The relevant inquiry is "what EEOC investigation could reasonably be expected to grow from the original complaint." *Ajayi*

6

*v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (internal citation and quotation marks omitted).

"Courts review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015). Courts should not punish technical defects like a failure to check a particular box on an EEOC form; rather, courts must view the charge as a whole and decide whether it contains facts that would alert the EEOC to the possibility of a particular theory of discrimination. *Ajayi*, 336 F.3d at 528.

Reynolds' EEOC charge against CTI states:[1]

> I was employed by CTI Staffing and was assigned to Subaru of Indiana Plant. I started working at the plant on April 11, 2016 and I was assigned to the Trim Section. On June 2, 2016 to June 15, 2016 I was granted time off to seek medical attention for my disability. When I was cleared by my doctor to return to work, I had to wait three weeks before the company would find a position to accommodate my restrictions. When I finally returned, I was sent to the Engine Section. There was a list of jobs in the Engine Section that I was supposed to observe being performed and then let the company know if I could perform any of them. This was never done and I was never given an option as to what I could or could not do. I complained to my Group Lead (Randy Fletcher) about the treatment and that I believed I was being discriminated against based on my race and disability, but nothing was done. On December 19, 2016, I was terminated for something a white worker would have never been written up for. I believe I was discriminated against based on my race and disability which are violations of Title VII of the Civil Rights Act of 1964 as amended and the Americans with Disabilities Act as amended.

---

[1] This court may consider Reynolds' EEOC charge against CTI because it was attached as an exhibit to Reynolds' response to CTI's motion to dismiss. "[A] plaintiff may 'supplement' the complaint with 'extra assertions' in a memorandum opposing a motion to dismiss." *Knox v. Curtis*, 771 F. App'x 656, n. 2 (7th Cir. 2019). *See also* Fed. R. Civ. P. 10(c).

(DE # 39 at 5.)

Here, Reynolds' EEOC charge contained no facts that would reasonably alert the EEOC (or CTI) to the possibility of gender discrimination. In similar cases, where the plaintiff identifies one type of discrimination in his EEOC charge, and later adds an additional theory of discrimination in his lawsuit, and there is nothing from the EEOC charge that could have alerted the EEOC to the existence of the additional claim of discrimination, the Seventh Circuit has held that the additional theory of discrimination was not like, or reasonably related to, the EEOC charge. *See e.g. Johnson v. Beach Park Sch. Dist.*, 638 F. App'x 501, 502 (7th Cir. 2016) ("Johnson failed to exhaust her administrative remedies for her age discrimination claim. Nothing in her EEOC charges [alleging race and disability discrimination]. . . even hints at age discrimination."); *Ajayi*, 336 F.3d at 528 (plaintiff's age discrimination claim was outside the scope of her EEOC charge where she alleged three instances of national origin discrimination, but did not mention age); *see also Bergholz v. John Marshall Law Sch.*, No. 18 C 3, 2018 WL 5622052, at *3 (N.D. Ill. Oct. 30, 2018) (plaintiff's age discrimination and retaliation claims were outside the scope of his EEOC charge alleging sex discrimination); *Vasquez v. Caterpillar Logistics, Inc.*, No. 1:15-CV-398-TLS, 2017 WL 4773081, at *10 (N.D. Ind. Oct. 20, 2017), aff'd, 742 F. App'x 141 (7th Cir. 2018) (plaintiff's sex discrimination claim was outside the scope of his EEOC charge alleging race, color, and age discrimination); *Brown v. Salvation Army, Ray & Joan Kroc Corps Cmty. Ctr.*, No. 3:12-CV-577, 2013 WL 12410873, at *2 (N.D. Ind. July 30, 2013) (plaintiff's age discrimination claim was outside the scope of

8

his EEOC charge alleging race and gender discrimination); *Blakely v. Big Lots Stores, Inc.*, 833 F. Supp. 2d 1042, 1050 (N.D. Ind. 2011) (plaintiffs' age discrimination claims were outside the scope of their EEOC charges alleging race discrimination).

To allow Reynolds to proceed with his gender discrimination claim would "thwart the basic purpose of requiring a charge, which is to give the employer some warning of the [complained-of] conduct and afford the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Ajayi*, 336 F.3d at 528 (internal citation and quotation marks omitted). Therefore, this court will grant CTI's motion to dismiss Reynolds' gender discrimination claim.

## IV. CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART and DENIES IN PART** defendant CTI's motion to dismiss (DE # 23), on the terms set forth in this opinion and order.

**SO ORDERED.**

Date: March 10, 2020

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT